## *CHARLES R. KENNEDY v. D. B. THOMPSON, Assignee, etc.

1. SUIT TO COMPEL ALLOWANCE OF A CLAIM IS APPEALABLE.

A suit brought in the court of common pleas under the provisions of sec. 6352, Rev. Stat., against an assignee for the benefit of creditors, to require him to allow a claim of the plaintiff in the settlement of his trust, may be appealed to the circuit court. It is a civil action—one of which the court of common pleas had original jurisdiction. It was not for the recovery of money only, or of specific real or personal property—the relief sought was of an equitable nature, and neither of the parties was entitled to a trial by a jury.

2. No APPEAL BOND OF AN ASSIGNEE REQUIRED.

On appealing to the circuit court from the judgment of the common pleas compelling the allowance of a claim, an assignee for the benefit of creditors, who has given bond as such need not give an appeal bond. The cause is governed by sec. 5228, Rev. Stat., and if the provisions of sec. 5228 did apply, the appeal was in the interest of the trust, and no bond was necessary.

APPEAL from the Court of Common Pleas of Butler county.

SMITH, C. J.

The plaintiff moves to dismiss the appeal in this case, on the grounds that it is not appealable, and if it is, that no bond for the appeal was given by the defendant, an assignee for the benefit of creditors, and who had given bond in this state as such, with securities according to law.

The suit was one brought in the court of common pleas of this county by Kennedy, against Thompson as assignee for the benefit of creditors of Milton Kennedy, an insolvent, under sec. 6352, Rev. Stat., to require such assignee to allow a claim held by him against the assignor, in the settlement of his trust, said claim having been rejected by the assignee on the demand of other creditors of Kennedy. By the judgment of the court of common pleas, the assignee was required to allow the claim, and from this judgment he attempted to appeal to this court, but gave no bond, the court below finding that he had given a bond as such assignee, in this state.

Is the case one which can be appealed? The section already referred to provides, that "claimants, whose claims are rejected, shall be required to bring suit against the assignee, or trustee, within thirty days after the same shall be rejected, in which, if he recover, the judgment shall be against the assignee, or trustee, that he allow the same in the settlement of his trusts."

We think it evident that this was not a case in which either of the parties was entitled to a trial by jury. It was not "for the recovery of money only, or of specific real or personal property," sec. 5130, but sought the adjudication of the court as to whether the plaintiff should share in the distribution of a fund in the hands of a trustee—and where the judgment by the terms of the statute, is equitable in its nature.

Is it a special proceeding, as claimed by the counsel for the plaintiff, or a civil action authorized by statute? If the latter, it is appealable, for it is one of which

*This decision, on the right of appeal, was followed by the circuit court in Bank v. Little, 2 Ohio Circ. Dec., 498 (s. c., 4 C. C. R., 195, 198). As to point in first paragraph of syllabus, see ante, 245; Root v Meader, 2 Ohio Dec., 547; Smock v. Brouse, 5 Ohio Circ. Dec., 293, 294.

the court of common pleas had original jurisdiction, and as before stated, neither of the parties was entitled to a trial by jury, and it thus comes directly within the terms of sec. 5226, Rev. Stat. The probate court certainly has not the jurisdiction to hear and determine the question, for the statute nowhere confers such right, and it is a court whose jurisdiction is wholly conferred by law. It could not be brought properly before a justice of the peace, for the relief sought is in its nature equitable. And it was held by the circuit court of Madison county some years ago, in an unreported case, that such was the law, and that the suit, in a case of this kind, could only be brought in the court of common pleas, or other court of like general jurisdiction.

Is it a civil action? "Shall bring suit" is the language of the section. Bouvier, in his Law Dictionary, defines the word "suit" thus: "Latin, *secta;* from Lat. *sequi,* to follow. In practice, an action." And he further says, "the word 'suit' in the 25th section of the judiciary act of 1789 applies to any proceeding in a court of justice in which the plaintiff pursues in such court, the remedy which the law affords him." * * * "In its most extended sense the word 'suit' includes not only a civil action, but a criminal prosecution." Section 4971, Rev. Stat., provides, there shall be but one form of action, known as a civil action.

That this word "suit" is used as synonymous with the word "action" in this section, we think is evident from the manner in which the two words are used in our statutes, and especially in the law governing executors and administrators, a kindred statute to that regulating the assignment of insolvents. From these it appears, that the two words are used interchangeably. For instance, by sec. 6097, a creditor whose claim is rejected, "shall commence a suit thereon" within six months or be barred, and certainly no one ever thought that this was a special proceeding, as distinguished from a civil action. So sec. 6108 provides that "no executor or administrator shall be liable to the suit of a creditor, unless," etc. Section 6113 says, "no executor or administrator, after having given notice of his appointment * * * shall be held to answer to the suit of any creditor," etc. Section 6119, "nothing herein contained shall prevent or bar the action or suit of any creditor against the heirs, next of kin," etc. Section 6210 provides, that in certain cases the bond given by an executor or administrator, "may be put in suit" by a creditor. Section 6211 provides that "such suit may also be brought by a legatee." Section 6212 authorizes certain parties "to bring a suit on the bond." Section 6213 calls such suits on the bonds, actions. Other citations might be given to the same effect. And we quote the language of Judge Wright, in deciding Hunter's case, 6 O., 499 (7th Hammond, pt. 2, p. 449), "The act under which this proceeding has been certified up from the common pleas, authorizes the removal of suits or actions pending there on the application of either party to the suit. We think the terms suits and actions as used in the law synonymous." We are of the opinion then that the suit authorized by the section in question is a civil action, and not a special proceeding.

Section 5228, as amended, 82 O. L., 32, provides that "a party in any trust capacity, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal." Even if the provisions of sec. 6408 are to govern this case, instead of sec. 5228, which is doubtful; we are of the opinion that the appeal was in the interest of the trust, and that no bond was necessary. The motion to dismiss the appeal is therefore overruled.

Thos. Millikin, for plaintiff.
Morey, Andrews & Morey, for assignee.